UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIM TISDALE | CIVIL ACTION |
| VERSUS | NO. 06-1400 |
| JO ANNE B. BARNETT, ETC. | SECTION "C"(2) |

OPINION

This matter comes before the Court on the plaintiff's objection to the Findings and Recommendation of the Magistrate Judge affirming denial by the Administrative Law Judge ("ALJ") of plaintiff's application for disability insurance benefits and supplemental security income benefits under Sections 216(i), 223 and 1614(a)(2)(A) of the Social Security Act. The plaintiff argues that the ALJ did not properly consider the opinions of Don Gaillot ("Gaillot), a rehabilitation counselor for Louisiana Rehabilitation Services ("LRS") and Mischa Arnold ("Arnold"), a certified vocational evaluator for Wellness Institute, Inc.[1]  Specifically, the plaintiff argues that S.S.R. 06-03p requires that

---

[1] The Court construes the plaintiff's objection as including the issue whether the plaintiff would be able to maintain employment, which was fully briefed to the Magistrate Judge. (Rec. Docs. 11, 12, 14, p.5).

1

all available evidence, including evidence from "non-medical sources" must be considered when determining disability status.

The record reflects that the ALJ did reference the recommendations of the LRS, apparently referring to Gaillot without reference to the written opinion, stating that "I note that recommendations by LRS, while fully considered, are not entitled to probative weight in the analysis of 'disability.'"(Tr. 25, 175).  No mention is made of the Arnold's evaluation in the ALJ opinion.  (Tr. 25, 51-60).  The Magistrate Judge interpreted Arnold's recommendation as indicating that the numerous medical appointments plaintiff had to attend were an "obstacle" as opposed to an inability.[2]  The Magistrate Judge also discounted the evidence presented by Arnold as not an "acceptable medical

---

[2]    The Magistrate Judge's interpreted Arnold's opinion as recommending that "he investigate options for working at home."  (Rec. Doc. 13, p. 14).   The evaluation did recognize that an investigation of options for working at home would be "beneficial," but that the plaintiff had "no skills for home-based work" and would find a traditional training program "difficult."   (Tr. 60). This Court reads that evaluation as noting the plaintiff's problems with attending medical appointments and stating that "[h]e continues to have multiple medical appointments due to his multiple conditions, so it is felt that if he were to return to work, the same problem would arise."  (Tr. 60).  The evaluation also appears to the Court to recommend that "[f]or the time being, due to his multiple disabilities, continuing with his application for disability benefits appears appropriate" and specifically states that "no vocational recommendations are being made at this time..."  (Tr. 60).

source."[3]

There is no dispute that the evidence provided by Arnold and Gaillot is not an "acceptable medical source" to establish an "impairment" under 20 C.F.R. § 404.1513(a), as stated by the Magistrate Judge.[4] However, its consideration seems to be fully authorized by 20 C.F.R. § 404.1513(d) as an "other source" "to show the severity of your impairment(s) and how it affects your ability to work."[5]

How opinions from non-acceptable medical sources should have been considered was clarified by SSR 06-03p, effective August 9, 2006. That ruling states that such evidence "cannot establish the existence of a medically determinable impairment" but is relevant to the severity of an impairment and how it affects the ability to function. It also states that the relevant regulations "require consideration of such evidence when

---

[3] Although the Magistrate Judge discussed Gaillot's letter, it appears that the ALJ did not mention it at all in his decision. The Court reads that opinion as proposing on-the-job training at the church which shelters the plaintiff, acknowledging that the plaintiff can perform sedentary tasks if accommodations are given, that the church is "more accommodating than ... most employers" and that those accommodations include "numerous medical appointments at Medical Center of Louisiana, which he must attend." (Tr. 175).

[4] Section 404.1513(a) provides that "[s]ources who can provide evidence to establish an impairment" included licensed physicians, licensed or certified psychologists, licensed optometrists, podiatrists and qualified speech language pathologists under certain circumstances.

[5] Section 404.1513(d) lists "[p]ublic and private social welfare agency personnel" and "[o]ther non-medical sources" as "other sources."

evaluating an 'acceptable medical source's' opinion." As set forth in the plaintiff's objection that consideration is not evident in this record.

The impact of the failure to fully consider these sources is particularly severe in light of the sheer number and diversity of bona fide relevant medical and mental issues, appointments and treatments documented in the record, which are largely ignored by the ALJ and the Magistrate Judge.[6] The ALJ did find that "[d]espite the unusually high number of diagnoses reported, it is the severity of symptoms directed attributable to the medically determined impairments and their functional effects which constitute the basis for disability analysis under the sequential evaluation process." (Tr. 23). Nonetheless, the severity and functionality was not fully considered in the questions asked or the opinion rendered, and the relevance of evidence provided by "other sources" is not reflected in the opinion.

The transcript of the hearing reveals that most of the questions asked by the ALJ did not take into account the multiple issues facing the plaintiff and that there may have

---

[6] There is no issue that those serious impairments include diabetes mellitus, peripheral/sensorimotor neuropathy in the lower extremities, venous insufficiency, mild degenerative joint disease of the cervical spine, history of compression fracture at T9, lumbar disc bulge of mild severity, leg length discrepancy, history of episodic syncope, chronic obstructive pulmonary disease, bladder incontinence and chronic pancreatitis. The plaintiff also has a history of substance abuse, depression, anxiety and a personality disorder. (Tr. 19).

been a lack of communication between the ALJ and the plaintiff. The plaintiff testified at the hearing in front of the ALJ that his primary doctor at Charity Hospital treats his diabetes and chronic pancreatitis, but refers him to other doctors for his other medical problems. (Tr. 358). For instance, the ALJ asked only a general question about when "relief" from his medication "wears off," without reference to what medicine for what condition. (Tr. 359). After the plaintiff reminded the ALJ that he had "multiple problems" with his back, the ALJ asked how long he had "that problem." By way of additional examples, the plaintiff limited his answer as to how he got along with others to those he lives with at the shelter and, at one point, testified that he was limited "as far as reaching, lifting, and at Charity they only deal with one problem at a time ...," while trying to explain his other medical issues to the ALJ. (Tr. 362, 365-366). The ALJ did ask the vocational expert whether excessive breaks and absences due to medical problems and appointments would result in termination from any job, and received a positive reply. (Tr. 373). No reference to this line of questioning or the expert's answer is made in the ALJ's decision, however.

      This Court finds that the decision of the defendant-Commissioner failed to consider all relevant evidence. This plaintiff's claim is not limited to his back problems. Despite the many medical and mental issues facing the plaintiff, the ALJ also failed to determine whether the plaintiff could maintain employment, as required in Watson v.

5

Barnhart, 288 F.3d 212 (5th Cir. 2002) and Wingo v. Bowen, 852 F.2d 827 (5th Cir. 1988).[7]

The Court rejects the suggestion that the problems posed by the ongoing medical attention required by the plaintiff are not merely those of "convenience." (Tr. 25).

In sum, this Court finds that the ALJ's erred in failing to consider all relevant evidence and in failing to determine whether the plaintiff can maintain employment. As such, the determination is not supported by substantial evidence.

Accordingly,

IT IS ORDERED that the Findings and Recommendation of the Magistrate Judge are not adopted, the decision of the ALJ is VACATED and this matter is REMANDED to the Secretary for further proceedings consistent with this opinion.

New Orleans, Louisiana, this 16th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[7] The Court recognizes that the vocational expert testified that excessive breaks and absenteeism would result in termination from any job.
    Q    In other words, we're paying you to do a 40 hour work week and if you cannot perform it no matter how simple or easy that job may be, you're going to be terminated?
    A    Yes.
(Tr. 373).